**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50347 |
| Plaintiff-Appellee, | D.C. No. CR 07-1317-GHK |
| v. | |
| ALFONSO LOZANO-TORRES, etc, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted, August 2, 2010
Pasadena, California

Before:    KOZINSKI, Chief Judge, REINHARDT, Circuit Judge, and
WHYTE,** District Judge.

_____

    *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **    The Honorable Ronald M. Whyte, United States District Judge for the
Northern District of California, sitting by designation.

Alfonso Lozano-Torres contends that the trial court erred when it assessed criminal history points for his state convictions for evading police and leaving the scene of an accident. He claimed in his opening brief that the offenses occurred during the commission of his immigration offense, but now concedes that *United States v. Cruz-Gramajo*, 570 F.3d 1162 (9th Cir. 2009), *cert. denied*, 130 S. Ct. 646 (2009), forecloses that argument.

Lozano-Torres also asserts that he evaded police and left the scene of an accident "in the course of attempting to avoid detection or responsibility for [his current immigration offense]" and, therefore, those offenses should have been treated as relevant conduct and not counted as prior offenses in calculating criminal history. U.S.S.G. § 1B1.3(a)(1)(A). We recently held that conduct which was motivated to avoid detection should be treated as relevant conduct and not as a prior offense for criminal history purposes. *United States v. Rivera-Gomez*, --- F.3d ----, 2011 WL 310345, at *6 (9th Cir. Feb. 2, 2011).

Although *Rivera-Gomez* had not been decided at the time Lozano-Torres was sentenced, the district court held a hearing focused specifically on the question of how the offenses should be treated:

THE COURT: [T]his matter's back on our calendar because the last time we were here I wanted to know more about the circumstances of this State conviction for felony evading. You [defense counsel] had made the argument that that should be counted as relevant conduct and not as a separate prior conviction for purposes

2

of calculation of the criminal history category and, depending upon whether I counted it or not counted it, it would make a difference in terms of criminal history calculation.

The court examined the police report on the evasion offenses, listened to the parties' arguments and found:

THE COURT: But he feared he was getting caught for having four beers and driving, not fear that somehow they were going after him because of his immigration status.

. . . .

THE COURT: There's absolutely no evidence that he ran because of his immigration status, zero, other than your speculation on this record.

. . . .

THE COURT: All right. Having fully considered the arguments of counsel, the Court finds and concludes that the felony evading conviction that we've been talking about is countable as a prior conviction and is not relevant conduct for all the reasons that were already stated on the record.

We review the district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Guidelines to the facts of the case for abuse of discretion, and the district court's factual findings for clear error. *United States v. Cruz-Gramajo*, 570 F.3d at 1167. In this case, the court's finding that the evasion offenses were not committed with the intent to avoid detection as an illegal alien was not clear error; the court did not abuse its discretion in applying the Guidelines to the facts as found; and the court correctly treated the evasion

3

offenses as includable in Lozano-Torres's criminal history since they were not relevant conduct to his current immigration offense.

**AFFIRMED.**